IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| STEVEN LEE FIELD, | ) |
| | ) No. 04-1524-HU |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) FINDINGS AND RECOMMENDATION |
| DANIEL O. COULSON; JAMES E. SANDVIK; KRISTOPHER PAUL BARTER; BEAVERTON POLICE DEPARTMENT; PORTLAND POLICE BUREAU; TRI-MET TRANSIT AUTHORITY; CITY OF BEAVERTON; CITY OF PORTLAND, | ) |
| | ) |
| Defendants. | ) |

Bryan W. Dawson
Dawson & Dawson
5695 Hood Street
West Linn, Oregon 97068
    Attorney for plaintiff

James G. Rice
Deputy City Attorney
Office of City Attorney
1221 S.W. Fourth Avenue, Room 430
Portland, Oregon 97204
    Attorney for defendant City of Portland

HUBEL, Magistrate Judge:

    Plaintiff Steven Field brings this action against Beaverton

FINDINGS AND RECOMMENDATION Page 1

Police Officer Daniel Coulson, Tri-Met Transit Officers James Sandvik and Kristopher Barber, the Beaverton Police Department, the Portland Police Bureau, the Tri-Met Transit Authority, the City of Beaverton, and the City of Portland. He asserts claims under 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), for violation of his Fourth and Eighth Amendment rights, due process and equal protection; violation of the Oregon Constitution; and assault and battery. Defendant City of Portland (the City) moves to dismiss the complaint on the grounds that 1) plaintiff's § 1983 claims are barred by the statute of limitations because plaintiff failed to serve a copy of the summons and complaint on the City within the time allowed by either Oregon law or the Federal Rules of Civil Procedure, and has failed to serve any of the individual officers at all; 2) named defendant Portland Police Bureau (PPB) is not amenable to suit in a § 1983 claim; 3) the complaint does not allege that the City has an official policy or custom which is the cause of plaintiff's constitutional deprivation, and therefore under Monell v. Department of Social Services, 436 U.S. 658 (1978), has failed to state a claim against the City; 4) plaintiff has failed to state a claim for violations of due process and equal protection, or for violation of the Eighth Amendment; and 5) plaintiff's claim for punitive damages against the city must be stricken because local governments are immune from punitive damages liability under both federal and state law.

## Background Facts

The complaint was filed on October 19, 2004. The complaint is

FINDINGS AND RECOMMENDATION Page 2

signed by Scott Crawford, on behalf of himself and attorney Bryan W. Dawson. Mr. Dawson is designated on the complaint as the trial attorney.

The complaint alleges that on October 20, 2002, plaintiff was sitting on the platform between the stairs at the Tri-Met MAX station near the Burnside Bridge, and that the officer defendants attacked him without warning, apparently believing he was in possession of a controlled substance. Complaint, ¶ 12. Although plaintiff did not resist, the defendant officers knocked him to the ground, held his arms behind his back, kicked his legs, punched his face, ground his face into the platform floor, and sprayed mace or pepper spray directly into his face and directly into his mouth. Id. When the officer defendants pulled plaintiff off the floor, they found that a small packet of cocaine had been lying beneath plaintiff's cheek, on the floor. Id. Plaintiff was arrested and placed in a cell for an hour, where he was interrogated. His requests for medical attention were ignored. Id.

Plaintiff alleges that as a result of this experience, he suffered physical injury and emotional trauma. Id. at ¶ 13.

According to the affidavit of James Rice, counsel for defendant City of Portland, the summons against the City of Portland was issued on February 25, 2005, and served on the City on February 25, 2005, 123 days after the complaint was filed. According to the affidavit of Mr. Dawson, who is plaintiff's counsel, Mr. Crawford resigned from the Oregon State Bar due to health problems on October 25, 2004. Mr. Crawford assigned his

FINDINGS AND RECOMMENDATION Page 3

cases to Mr. Dawson, but Mr. Dawson has never communicated with the plaintiff. Mr. Dawson does not deny that the individual defendants have never been served with summons, or that the City of Portland was served more than 120 days after filing of the complaint.

**Standards**

The limitations period for plaintiff's § 1983 claim is established by Oregon's two-year statute of limitations for personal injury actions, Or. Rev. Stat. 12.110(1). See <u>Wilson v. Garcia</u>, 471 U.S. 261, 269, 276 (1985)(Because 42 U.S.C. § 1983 and most related federal civil rights statutes have no independent statute of limitations, the limitations period for commencement of § 1983 actions must be borrowed from state law, and § 1983 claims are to be characterized as personal injury actions). Plaintiff's cause of action accrued on October 20, 2002 and the complaint was filed on October 19, 2004, one day before the limitations period expired.

**Discussion**

1. Is the action against the City and against the individual defendants time-barred because plaintiff has failed to make timely service?

The City argues that because plaintiff failed to make timely service on it under either Or. Rev. Stat. § 12.020(2) or Rule (m) of the Federal Rules of Civil Procedure, and has failed to make any service at all on the individual defendants, his action is time-barred.

In cases brought under 42 U.S.C. § 1983, federal courts borrow the state statute of limitations for personal injury actions.

FINDINGS AND RECOMMENDATION Page 4

<u>Wilson</u>, 471 U.S. at 261. However, the court is to borrow "[o]nly the length of the limitations period, and closely related questions of tolling and application," <u>id.</u> at 269, and is to "borrow no more than is necessary." <u>West v. Conrail</u>, 481 U.S. 35, 39 (1987).

The law of this jurisdiction is not clear on whether Rules 3 and 4(m) of the Federal Rules of Civil Procedure or Or. Rev. Stat. § 12.020 govern the issue of when this action would be deemed commenced.

Under Or. Rev. Stat. § 12.020(2), an action is deemed commenced when the complaint is filed if the plaintiff effects service within 60 days. If service occurs more than 60 days after filing, the action is deemed to commence on the date of service. See also <u>Baker v. Kennedy</u>, 317 Or. 372, 375 (1993). Plaintiff's failure to effect service within 60 days means that under Or. Rev. Stat. § 12.020(2), his action would be deemed commenced on the date he served the City, February 25, 2005, well beyond the date the statute of limitations expired.

Rule 3 of the Federal Rules of Civil Procedure provides that a civil action is commenced by filing a complaint with the court. Rule 4(m) provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Under Rule 4(m), if service of process is not accomplished

FINDINGS AND RECOMMENDATION Page 5

within 120 days of the filing of the complaint, the district court in its discretion may either dismiss the action without prejudice or order service within a specified time; however, if the plaintiff can show "good cause" for an extension, the district court *must* extend the time for accomplishing service. Tyson v. City of Sunnyvale, 159 F.R.D. 528, 529 (N.D. Cal. 1995). Even in the absence of good cause shown, relief may be justified if the applicable statute of limitations would bar the refiled action. Henderson v. United States, 517 U.S. 654, 662-63 (1996), quoting Notes of Advisory Committee on Rules, 1993 Amendment, New Rule 4(m).

In Strother v. Oregon, 1999 WL 558404 (D. Or. 1999), an action under 42 U.S.C. § 1983, Judge Jones of this court held that because Oregon's statute of limitations applied to the § 1983 claims, Oregon's rule governing commencement of actions, Or. Rev. Stat. § 12.020, also applied, and rendered plaintiff's claim time-barred because he failed to serve the defendant within 60 days of filing the complaint. Plaintiff's claim accrued on July 23, 1993, and he filed the complaint on July 14, 1995. However, defendant was not served until March 1996.[1]

But Judge Frye of this court had earlier held that Or. Rev. Stat. § 12.020 conflicts with Federal Rule 3 and therefore cannot

---

[1] So even if Judge Jones had found Federal Rules 3 and 4(m) applicable to the action, plaintiff's failure to serve the complaint within 120 days meant that he risked dismissal under the federal rules as well as § 12.020.

FINDINGS AND RECOMMENDATION Page 6

apply to § 1983 claims brought in federal court. Wells v. City of Portland, 102 F.R.D. 796, 800 (D. Or. 1984)("The prevailing rule among the federal courts of appeals is that Rule 3 governs the time of commencement of the action in cases where a federal matter or cause of action is involved."); see also Hinz v. Weinstein, Civ. No. 95-262-JE (December 1, 1995)(reiterating the ruling in Wells).

In Keller v. City of Portland, 1998 WL 1060222 (D. Or. 1998), Judge Haggerty adopted the Findings and Recommendation of Judge Stewart, and agreed with Judge Frye that Rules 3 and 4(m) govern the time of commencement of the action in a § 1983 case.

Judge Stewart found that Or. Rev. Stat. § 12.020 was a "closely related" provision of tolling and application under Wilson, but that it must still be disregarded because it directly conflicts with Federal Rules 3 and 4(m).[2] The court relied on West,[3]

---

[2] It should be noted that in Torre v. Brickey, 278 F.3d 917, 920 (9th Cir. 2002), the court held, in a diversity case, that there was no conflict between Rule 4(m) and Or. Rev. Stat. § 12.020(2) because "Rule 4(m) merely sets a *procedural* maximum time frame for serving a complaint, whereas [Or. Rev. Stat. § 12.020] is a statement of a substantive decision by that State that actual service on, and accordingly actual notice to, the defendant is an integral part of the several policies served by the statute of limitations." (Emphasis in original) The court concluded that a plaintiff in federal court has 120 days to effect service after filing a complaint *only* if this period

FINDINGS AND RECOMMENDATION Page 7

where the Supreme Court held that "[t]he governing principle is that we borrow only what is necessary to fill the gap left by Congress," which does not include service rules. 481 U.S. at 39-40, n. 6. The Court said in <u>West</u>:

> Although we have not expressly so held before, we now hold that when the underlying cause of action is based on federal law and the absence of an express federal statute of limitations makes it necessary to borrow a limitations period from another statute, the action is not barred if it has been "commenced" in compliance with Rule 3 within the borrowed period. We decline respondents' invitation to require that when a federal court borrows a statute of limitations to apply to a federal cause of action, the statute of limitation's provisions for service must necessarily also be followed.

<u>Id.</u> at 39-40.

In <u>Sorenson v. City of Portland</u>, 2005 WL 525418, *2 (D. Or. 2005), Judge Aiken of this court declined to apply the state relation-back rule in a § 1983 case, on the ground that under the Supreme Court's holding in <u>Wilson</u>, 471 U.S. at 269, only the length of the limitations period and other closely related questions of

---

enables him to serve within the statutory period for commencing an action controlled by state law. <u>Id.</u> If there is no conflict between the federal rule and state law, state law should apply. <u>Id.</u> However, <u>Torre</u> was a diversity case, and therefore governed by state law, rather than a § 1983 case with a borrowed state statute of limitations. <u>Torre</u> was distinguished on that basis by the court in <u>Sorenson</u>, *infra.*

---

[3] <u>West</u> was not a § 1983 case.

FINDINGS AND RECOMMENDATION Page 8

tolling and application are to be governed by state law. The court noted that following West, the Ninth Circuit has interpreted "closely related questions of tolling" narrowly. Id.

I find the analysis of Judges Frye, Stewart and Aiken more persuasive, and conclude that under the Supreme Court's decision in West, the rules governing commencement of a § 1983 action for purposes of the statute of limitations are Federal Rules 3 and 4(m) rather than Or. Rev. Stat. § 12.020(2).

I turn now to the issue of whether plaintiff's complaint should be dismissed without prejudice under Rule 4(m) for failure to effect service within 120 days.

The only explanation plaintiff offers for the failure to serve the City within 120 days and the failure to serve the individual officer defendants is that Mr. Dawson has been unable to communicate with his client since shortly after the complaint was filed. Mr. Dawson requests an additional three months to locate his client and serve the remaining defendants.

Contact or communication between plaintiff and his attorney is in no way required for service on defendants who are known to plaintiff's counsel, as they are named in the complaint. Therefore, good cause for the failure to serve the defendants within the required period is not established.

Although Henderson and the 1993 Advisory Commission's note seem to favor the court's exercising its discretion to extend the time for service, even without a showing of good cause, when a refiled action would be dismissed on limitations grounds, I find

FINDINGS AND RECOMMENDATION Page 9

the circumstances of this case inappropriate for doing so. The complaint was filed over seven months ago. Some of the defendants have to this day still not been served. Plaintiff has not shown good cause for the failure to timely serve the defendants with process. The record indicates that plaintiff has chosen not to remain in contact with his attorney, strongly suggesting plaintiff's lack of interest in pursuing this case.

Statutory limitation periods are designed to promote justice by preventing the assertion of stale claims against a defendant. United States ex rel. Hyatt v. Northrop Corp., 91 F.3d 1211, 1217 (9th Cir. 1996). See also New v. Armour Pharmaceutical Co., 67 F.3d 716, (9th Cir. 1995)(purpose of statute of limitations is to motivate plaintiffs to diligently pursue their claims). The limitation periods for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants. United States v. Marolf, 173 F.3d 1213, 1218 (9th Cir. 1999).

I therefore recommend that the City's motion to dismiss the action as time-barred be granted.

2. Has plaintiff failed to state a claim against the PPB?

The City moves to dismiss the PPB as a defendant on the ground that it is not a "person" subject to liability under 42 U.S.C. § 1983. The City is correct. See Keller, 1998 WL at *3 (holding that PPB is not a "person" subject to liability under § 1983). If my recommendation that the action be dismissed as time-barred is not adopted, I recommend that the City's motion to dismiss the claim

FINDINGS AND RECOMMENDATION Page 10

against the PPB be granted.

3. Has plaintiff failed to allege the existence of a policy or custom of the City?

Congress intended the term "person" in § 1983 to include municipalities, including counties. Christie v. Iopa, 176 F.3d 1231, 1234 (9th Cir. 1999). However, Congress did not intend to create respondeat superior liability, see Board of County Comm'rs of Bryan County v. Brown, 520 U.S. 397, 403 (1997), and isolated instances of official misconduct are insufficient to establish municipal liability under Monell, 436 U.S. at 690-91. See, e.g., Tuttle v. Oklahoma City, 471 U.S. 808 (1985).

A plaintiff can establish municipal liability under City of Canton v. Harris, 489 U.S. 378 (1989) by showing that action pursuant to official municipal policy of some nature caused a constitutional tort. Monell, 436 U.S. at 691. To establish municipal liability, the plaintiff must show: 1) a municipal employee violated plaintiff's rights; 2) the municipality has customs or policies that amount to deliberate indifference as that phrase is defined by Canton; and 3) these policies were the moving force behind the employee's violation of plaintiff's constitutional rights, in the sense that the municipality could have prevented the violation with an appropriate policy. Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1194 (9th Cir. 2002).

A local governmental entity's failure to train its employees can also create § 1983 liability where the failure to train "amounts to deliberate indifference to the rights of persons" with whom those employees are likely to come into contact. Lee v. City

FINDINGS AND RECOMMENDATION Page 11

of Los Angeles, 250 F.3d 668, 681 (9th Cir. 2001), quoting City of Canton, 489 U.S. at 388-89. For liability to attach, the identified deficiency in the local governmental entity's training program must be closely related to the ultimate injury. Id. In other words, a plaintiff must show that his or her constitutional injury would have been avoided had the governmental entity properly trained its employees. Id.

A claim of municipal liability under section 1983 is sufficient to withstand a motion to dismiss even if the claim is based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice. Watts v. County of Sacramento, 256 F.3d 886, 891 (9th Cir. 2001); Galbraith v. County of Santa Clara, 307 F.3d 1119, 1127 (9th Cir. 2002).

Plaintiff alleges in his complaint that the City, among other defendants, was "responsible for training and supervising the officer defendants," that it "failed to adequately train and supervise officers, including specifically the officer defendants here, in the proper, safe, and lawful manner of administering mace and/or pepper spray when effecting an arrest or otherwise performing the duties they were hired to perform," and that the "public body defendants" have "failed to adequately train officers in this regard with reckless and callous unlawful indifference to the rights of plaintiff and all other citizens." Complaint ¶ 14. This is sufficient to state a claim for municipal liability under Watts and Galbraith. If my recommendation that the action be

FINDINGS AND RECOMMENDATION Page 12

dismissed as time-barred is not adopted, I recommend that the City's motion to dismiss the § 1983 claim against it on this basis be denied.

4.  Has plaintiff failed to allege a violation of due process?

The City moves to dismiss plaintiff's due process claim, on the ground that he has failed to state a claim for either substantive or procedural due process. I agree. Plaintiff's first claim for relief is captioned, "Violation of 42 U.S.C. § 1983: Fourth and Eighth Amendments, Due Process and Equal Protection." Under that claim, plaintiff alleges that he

///

> had a right under the Fourth Amendment of the U.S. Constitution to be free from unreasonable search and seizure, and a right under the Eighth Amendment to avoid cruel or unusual punishment. These rights inured to plaintiff and are enforced against the states under the Due Process Clause and the Equal Protection Clause in the Fifth and Fourteenth Amendments to the U.S. Constitution.

Complaint, ¶ 16.

When an explicit textual provision of the Constitution protects against the challenged government action, the claim must be analyzed under that specific provision alone and not under the more general guarantee of substantive due process.[4] This rule was

---

[4] The Due Process Clause of the Fifth Amendment and the Equal Protection component thereof apply only to actions of the federal government–not to those of state or local governments. Schweiker v. Wilson, 450 U.S. 221, 227 (1981). The same standards are imposed on the states by the Fourteenth Amendment. Id. at n.

FINDINGS AND RECOMMENDATION Page 13

announced in Graham v. Connor, 490 U.S. 386 (1989), where the Court held that claims of excessive force brought under § 1983 must be analyzed under the explicit textual sources of constitutional protection found in the Fourth and Eighth Amendments, rather than under the "more subjective standard of substantive due process." Armendariz v. Penman, 75 F.3d 1311, 1319 (9th Cir. 1996). In Albright v. Oliver, 510 U.S. 266, 273 (1994), the Supreme Court reaffirmed the rule of Graham. ("Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.") The Court noted, "The Framers considered the matter of pretrial deprivations of liberty, and drafted the Fourth Amendment to address it." Id. at 274.

If my recommendation that the action be dismissed as time-barred is not adopted, I recommend that the City's motion to dismiss plaintiff's due process claim be granted.

    5.    Has plaintiff failed to allege a violation of the Eighth Amendment?

The City moves to dismiss the Eighth Amendment claim on the ground that plaintiff was not a prisoner at the time he was allegedly subjected to unreasonable force. Plaintiff concedes the argument. The Eighth Amendment's prohibition on cruel and unusual

---

6. See also Lee, 250 F.3d at 683 ("Liberty is protected from unlawful state deprivation by the due process clause of the Fourteenth Amendment.")

FINDINGS AND RECOMMENDATION Page 14

punishment applies only after conviction and sentence. Graham, 490 U.S. 386, 393 & n. 6. If my recommendation that the action be dismissed as time-barred is not adopted, I recommend that the City's motion to dismiss plaintiff's claim under the Eighth Amendment be granted.

6. Should plaintiff's claim for punitive damages against the City be stricken?

The City asserts that plaintiff's claim for punitive damages against the City is contrary to both federal and state law, citing City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981)("[W]e hold that a municipality is immune from punitive damages under 42 U.S.C. § 1983.") and the Oregon Tort Claims Act, Or. Rev. Stat. § 30.270(2)("No award for damages on any claim [against a public body or its officers, employees or agents acting within the scope of their employment] shall include punitive damages.")

Plaintiff counters with Memphis Community Sch. Dist. v. Stachura, 477 U.S. 299, 307 (1986), where the Supreme Court noted that in Smith v. Wade, 461 U.S. 30 (1983), the Court held that "punitive damages may be available in a proper § 1983 case," and Rogers v. Saylor, 306 Or. 267, 285 (1988).

In Smith, the Supreme Court held that punitive damages may be awarded against *individual* defendants under § 1983. Smith does not overrule the holding in City of Newport that municipalities are immune from punitive damages in § 1983 claims.

Plaintiff's reliance on Rogers is misplaced. A state statute purporting to immunize government conduct otherwise subject to suit

FINDINGS AND RECOMMENDATION Page 15

under 42 U.S.C. § 1983 is preempted, even where the federal civil rights litigation takes place in state court. <u>Martinez v. California</u>, 444 U.S. 277, 284, n. 9 (1980); see also <u>Owen v. City of Independence</u>, 445 U.S. 622, 647, n. 30(1980):

> Conduct by persons acting under color of state law which is wrongful under 42 U.S.C. § 1983 ... cannot be immunized by state law. A construction of the federal statute which permitted a state immunity defense to have controlling effect would transmute a basic guarantee into an illusory promise; and the Supremacy Clause of the Constitution insures that the proper construction may be enforced.

Thus, the Oregon Tort Claims Act is invalid when applied to § 1983 claims, regardless of whether the claims are litigated in federal court or state court. The <u>Rogers</u> court so held. 306 Or. at 278-79. Because the damages awardable under 42 U.S.C. § 1983 are a matter of federal, not state, law, the Oregon Tort Claims Act is inapplicable to the § 1983 claim asserted in this case.

The Oregon Tort Claims Act does, of course, apply to plaintiff's claims based on state law and common law, to the extent that the individual defendants were acting within the scope of their duties, but not to any state or common-law claim plaintiff may have against individual defendants acting outside the scope of their duties. <u>Rogers</u>, 306 Or. at 273, 286.

If my recommendation that the action be dismissed as time-barred is not adopted, I recommend that the City's motion to strike the punitive damages claim be granted.

## Conclusion

I recommend that the City's motion to dismiss (doc. # 3) be granted. If this recommendation is not adopted, I recommend that

FINDINGS AND RECOMMENDATION Page 16

plaintiff's claim against the PPB, and his Due Process and Eighth Amendment claims, be dismissed with prejudice and that the punitive damages claim against the City be stricken.

**Scheduling Order**

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due June 24, 2005. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due July 8, 2005, and the review of the Findings and Recommendation will go under advisement on that date.

Dated this 8th day of <u>June</u>, 2005.

<u>/s/ Dennis James Hubel</u>

Dennis James Hubel
United States Magistrate Judge

FINDINGS AND RECOMMENDATION Page 17